1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MINDY P.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

Case No. 3:19-cv-06191

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12      Plaintiff has brought this matter for judicial review of Defendant's denial of her

13  applications for disability insurance benefits ("DIB").

14      The parties have consented to have this matter heard by the undersigned

15  Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16  MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

17  and the ALJ's decision is reversed and remanded for an award of benefits.

18                      I.      <u>ISSUES FOR REVIEW</u>

19      1.  Did the ALJ err in evaluating the medical opinion evidence?
20      2.  Did the ALJ properly assess opinions from non-acceptable medical
            sources?
        3.  Did the ALJ err at step two of the sequential evaluation?

21
22
23
24
25

## II.   BACKGROUND

Plaintiff filed an application for DIB on February 21, 2016, alleging a disability onset date of November 24, 2015. AR 53, 263-64. Plaintiff's application was denied initially and upon reconsideration. AR 53, 197-99, 203-05. Administrative Law Judge ("ALJ") Eric S. Basse held a hearing on June 6, 2018. AR 103-67.  On October 30, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 50-63. On November 1, 2019, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-7.

Plaintiff seeks judicial review of the ALJ's October 30, 2018 decision. Dkt. 4.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of degenerative disc disease, hernias, inflammatory arthritis, asthma, obesity, neurocognitive disorder, anxiety, and depression. AR 56. The ALJ also found that Plaintiff had several non-severe impairments. *Id.*

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of sedentary work. AR 58. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform her

1    past work, but could perform other sedentary, unskilled jobs; therefore the ALJ

2    determined at step five of the sequential evaluation that Plaintiff was not disabled. AR

3    62-63, 158-61.

4        A. Whether the ALJ properly evaluated the medical opinion evidence

5        Plaintiff contends that the ALJ erred in discounting the opinion of examining

6    psychologist Bruce Tapper, Ph.D. Dkt. 10, pp. 3-7.

7        In assessing an acceptable medical source – such as a medical doctor – the ALJ

8    must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

9    either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

10   1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

11   849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

12   contradicted, the opinion can be rejected "for specific and legitimate reasons that are

13   supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

14   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

15   499, 502 (9th Cir. 1983))

16       Dr. Tapper examined Plaintiff on February 16, 2017. AR 926-30. Dr. Tapper's

17   evaluation consisted of a clinical interview, a review of the available medical records, a

18   mental status examination, and psychological testing. Based on this evaluation, Dr.

19   Tapper diagnosed Plaintiff with post-traumatic stress disorder, unspecified attention

20   deficit/hyperactivity disorder, specific learning disorder, and mild neurocognitive disorder

21   with deficits in short term memory. AR 930.

22       Dr. Tapper opined that despite the fact that Plaintiff has "always been highly

23   motivated to work" she would be incapable of working "in any capacity" due to her

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1   combination of physical and psychiatric impairments. *Id.* Dr. Tapper further opined that

2   Plaintiff's emotional lability, racing thoughts, and anxiety would "greatly inhibit" her

3   concentration on any task, and stated that Plaintiff's short term memory was far worse

4   than expected, even of someone with attention deficit disorder. *Id.*

5       The ALJ gave "little weight" to Dr. Tapper's opinion, reasoning that: (1) it was

6   inconsistent with the results of Dr. Tapper's own mental status examination; and (2) it

7   was inconsistent with a May 31, 2016 evaluation conducted by Kirsten Nestler, M.D.

8   and the medical record, which did not show any psychiatric or psychological intervention

9   during this period. AR 60-61.

10      Regarding the ALJ's first reason, a finding that a physician's opinion concerning

11  a claimant's limitations is inconsistent with the results of that physician's own

12  examination can serve as a specific and legitimate reason for discounting their opinion.

13  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also*

14  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an

15  internally inconsistent medical opinion).

16      The ALJ has not explained which of Dr. Tapper's mental status examination

17  findings are inconsistent with his opinion concerning Plaintiff's mental limitations.

18  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security

19  Administration must set forth the reasoning behind its decisions in a way that allows for

20  meaningful review, and the ALJ must build an accurate and logical bridge from the

21  evidence to his or her conclusions). Further, Dr. Tapper's mental status examination

22  and psychological testing revealed anxiety, emotional lability, and short term memory

23  problems entirely consistent with his opinion. AR 928-30.

24

25

1
2
3
4
5
6
7

As for the ALJ's second reason, the ALJ's finding that Dr. Tapper's opinion differs from Dr. Nestler's is not, in and of itself, a specific and legitimate reason for discounting it. *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (An ALJ errs when he or she rejects a medical opinion or assigns it little weight while "doing nothing more than ignoring it, *asserting without explanation that another medical opinion is more persuasive*, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (emphasis added).

8
9
10
11
12

Further, the ALJ's conclusion that Plaintiff did not require psychiatric intervention during this period is not supported by the record, which indicates that Plaintiff was hospitalized following an apparent suicide attempt in February 2017, shortly before Dr. Tapper's evaluation, and continued to report significant anxiety, depression, and sleep problems in March 2017. AR 871, 958.

13
14

Accordingly, the ALJ has not provided specific and legitimate reasons for discounting Dr. Tapper's opinion.

15
16

B.  Whether the ALJ erred in evaluating opinions from non-acceptable medical sources

17
18

Plaintiff contends that the ALJ erred in evaluating opinions from Charles Schott, ARNP and a statement from Plaintiff's spouse. Dkt. 10, pp. 7-8, 10-11.

19
20
21
22
23

When evaluating opinions from non-acceptable medical sources, such as a nurse practitioner or a family member, an ALJ may expressly disregard such testimony if the ALJ provides "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502.

24
25

1    1.  <u>ARNP Schott</u>

2        Treating nurse practitioner Schott offered an opinion concerning Plaintiff's

3    functional limitations on January 28, 2016. AR 444-47. ARNP Schott stated that Plaintiff

4    had physical limitations that preclude her from performing any activity requiring physical

5    exertion due to ongoing, uncontrolled pain stemming from post-operative complications,

6    chronic pain syndrome and healing complications related to Plaintiff's obesity. AR 445.

7    ARNP Schott explained that Plaintiff had not experienced much improvement in her

8    physical conditions despite extensive imaging, evaluation by multiple specialists, and

9    different medication strategies. *Id.*

10        ARNP Schott opined that Plaintiff is unable to push, pull, lift, climb, squat, sit,

11    stand or walk for an extended period. *Id.*  ARNP Schott further opined that Plaintiff

12    would be unable to lift, push, or pull more than five pounds, sit or stand for more than

13    twenty minutes, or reach, bend, squat or climb ladders at all. AR 447.

14        The ALJ assigned "great weight" to ARNP Schott's opinion "at the time it was

15    rendered and only for the purpose it was rendered", namely Plaintiff's surgical recovery.

16    AR 60. The ALJ reasoned that ARNP Schott's opinion "was not considered" in

17    assessing Plaintiff's residual functional capacity since nearly three years passed

18    between ARNP Schott's opinion and the ALJ's decision. *Id.*

19        The ALJ's reasoning implies that the limitations assessed by ARNP Schott were

20    only valid for the period immediately following Plaintiff's December 2015 hernia repair

21    operation using component separation and mesh, after which she reported considerable

22    pain and was discharged with a portable wound vacuum assisted closure ("VAC")

23    device. AR 370-71.

24

25

1   ARNP Schott's opinion is clear that Plaintiff's symptoms have persisted despite

2   numerous surgeries, and there is nothing in his opinion that suggests the limitations he

3   assessed were meant to apply only to the period immediately after Plaintiff's surgery.

4   Further, to the extent that the ALJ's reasoning implies that Plaintiff's condition

5   improved significantly following her December 2015 surgery, this conclusion is not

6   supported by substantial evidence.

7   The record establishes that while Plaintiff's condition improved briefly following

8   her December 2015 procedure, by February 2016 she had significant post-surgical

9   complications, including infected mesh, and a Methicillin-resistant Staphylococcus

10   aureus ("MRSA") infected wound that had yet to heal. AR 510, 679-80. Plaintiff

11   continued to report pain, increased drainage, and blood at her wound site nearly a year

12   after her surgery, stated that her pain symptoms were still not controlled, has a long

13   history of abdominal surgery complications, and has had three prior hernia operations

14   and a hysterectomy that have failed to resolve her symptoms. AR 478-79, 625, 763-64,

15   799, 853, 953, 977, 984.

16   2.  Plaintiff's spouse

17   Plaintiff's spouse completed a function report describing Plaintiff's limitations on

18   March 15, 2016. AR 290-97. Plaintiff's spouse described Plaintiff's physical pain, her

19   physical and mental symptoms, the side effects of her pain medication, and her

20   difficulties performing routine activities. AR 290, 292, 294, 296.

21   The ALJ gave "some weight" to the statement from Plaintiff's spouse, reasoning

22   that while it provided some insight into Plaintiff's home life and functional limitations,

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

1  Plaintiff's spouse did not complete the section of the form asking about Plaintiff's

2  precise work-related limitations. AR 61.

3      Friends and family members in a position to observe a claimant's symptoms and

4  daily activities are competent to testify as to her condition. *Dodrill v. Shalala*, 12 F.3d

5  915, 918 (9th Cir. 1993); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th

6  Cir.2009). The fact that lay testimony may offer a different perspective than medical

7  records alone "is precisely why such evidence is valuable" in making a disability

8  determination. *See Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

9      Lay witnesses such as Plaintiff's spouse, by definition, lack medical expertise,

10  and the failure of Plaintiff's spouse to offer an opinion concerning her precise work-

11  related functional limitations is not a sufficient reason for discounting his statement.

12  Further, the Court notes that Plaintiff's spouse submitted an additional, more detailed

13  functional assessment after the ALJ's hearing that confirms his earlier statement and

14  supports Plaintiff's allegations concerning her physical and mental impairments. AR 19-

15  20; *see Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir.

16  2012) (when a claimant submits evidence for the first time to the Appeals Council, which

17  considers that evidence in denying review of the ALJ's decision, the new evidence is

18  part of the administrative which the district court must consider in determining whether

19  the Commissioner's decision is supported by substantial evidence).

20      C.  Whether the ALJ erred in assessing Plaintiff's symptom testimony

21      Plaintiff contends that the ALJ did not provide clear and convincing reasons for

22  discounting her symptom testimony. Dkt. 10, pp. 11-15.

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

1        In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

2 *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

3 there is objective medical evidence of an underlying impairment that could reasonably

4 be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

5 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

6 evidence of malingering, the second step allows the ALJ to reject the claimant's

7 testimony of the severity of symptoms if the ALJ can provide specific findings and clear

8 and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

9 *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

10        In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

11 allegations are inconsistent with the medical record; (2) Plaintiff's physical and mental

12 symptoms improved with treatment; and (3) Plaintiff's allegations were inconsistent with

13 her self-reported activities of daily living. AR 59-60.

14        Regarding the ALJ's first reason, an inconsistency with the objective evidence

15 may serve as a clear and convincing reason for discounting a claimant's testimony.

16 *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

17 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely

18 because the degree of pain alleged is not supported by objective medical evidence."

19 *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks

20 omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995)

21 (applying rule to subjective complaints other than pain).

22        As for the ALJ's second reason, for the reasons discussed above, the ALJ's

23 finding that Plaintiff's physical impairments improved with treatment is not supported by

24

25

1   substantial evidence. *See supra* Section IV.B. With respect to Plaintiff's mental

2   impairments, the ALJ's conclusion that Plaintiff's mental health symptoms improved

3   following minimal treatment is not supported by the record, especially in light of post-

4   hearing evidence indicating that Plaintiff continued to have intense emotional outbursts,

5   difficulty controlling her anger, frequent thoughts of self-harm, and an additional suicide

6   attempt that required police intervention. AR 21-49, 69-90, 92-102; *Brewes v.*

7   *Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012).

8        With respect to the ALJ's third reason, a claimant's participation in everyday

9   activities indicating capacities that are transferable to a work setting may constitute a

10   clear and convincing reason for discounting that claimant's testimony. *See Morgan v.*

11   *Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

12        Yet, disability claimants should not be penalized for attempting to lead normal

13   lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

14   1998), citing *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant

15   need not "vegetate in a dark room" in order to be deemed eligible for benefits).

16        Here, the ALJ cited Plaintiff's statement to Dr. Tapper that she did not require

17   assistance with personal grooming, could prepare meals, shop for groceries, and

18   perform routine household chores. AR 60, 929. Plaintiff's ability to engage in these

19   routine, undemanding activities does not constitute a clear and convincing reason for

20   discounting Plaintiff's testimony. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017)

21   ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and

22   caring for a cat in one's own home, as well as occasional shopping outside the home,

23   are not similar to typical work responsibilities.").

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Accordingly, the ALJ has not provided clear and convincing reasons for discounting Plaintiff's allegations concerning her physical and mental health symptoms.

In addition to not providing clear and convincing reasons for rejecting Plaintiff's symptom testimony, the ALJ did not explain any assessment of factors that enhance Plaintiff's credibility, specifically her excellent work history. *See* 20 C.F.R. § 404.1529(c)(3) (An ALJ will consider evidence about an individual's prior work record when evaluating symptoms); *see also Archer v. Apfel*, 66 Fed.Appx. 121, 121 (9th Cir. 2003) (A good work history over an extended period enhances a Social Security claimant's credibility). Although the ALJ is not required to "discuss all evidence presented", Vincent on Behalf of *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original), the ALJ is required to explain reasons for rejecting "significant probative evidence". *Id*. Here, Plaintiff's excellent work history is significant probative evidence that enhances her credibility. Plaintiff worked consistently at a variety of jobs for more than 20 years. AR 113-15, AR 274, 325-31.

D. Other Issues

Plaintiff contends that the ALJ erred in evaluating her severe impairments at step two of the sequential evaluation. Dkt. 10, pp. 9-10. Because this case be resolved without considering the ALJ's assessment of this evidence, the court declines to address these issues.

E. Remand for an Award of Benefits

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 10, pp. 17-18. "'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

"(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

Here, the ALJ erred in evaluating Plaintiff's testimony and the opinions of Dr. Tapper, ARNP Schott, and Plaintiff's spouse. This evidence establishes that Plaintiff had chronic physical impairments that rendered her incapable of performing even sedentary work during the period at issue, and had a combination of physical and mental impairments that left Plaintiff incapable of working "in any capacity". AR 19-20, 444-47, 930.

Here, the record has been fully developed, and contains additional evidence, submitted after the ALJ issued his decision, that supports Plaintiff's allegations concerning her physical and mental impairments. AR 10-13, 19-20, 21-49, 69-90, 92-102.

Remanding this case for further administrative proceedings might provide some additional information -- yet new data would not be required, since there is no ambiguity in the record.  Plaintiff has been waiting nearly five years for a final disposition, and remanding this case to confirm what is already evident from the existing record, the overwhelming evidence that Plaintiff could not work during the period at issue, does not qualify as a remand for a "useful" purpose under the first prong of the Ninth Circuit's test. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Crediting as true the Plaintiff's testimony, the opinions of Dr. Tapper and ARNP Schott, and also the statements of Plaintiff's spouse, Plaintiff would meet the criteria for disability. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) ("[W]e will not remand for further proceedings where, taking the claimant's testimony as true, the ALJ would clearly be required to award benefits.").

Accordingly, remand for an award of benefits is the appropriate remedy.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when he found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for an award of benefits.

Dated this 4th day of March, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13